846 So.2d 296 (2003)
Keith Noel GABLE, Appellant,
v.
Joy Lynn GABLE, Appellee.
No. 2001-CA-01918-COA.
Court of Appeals of Mississippi.
May 20, 2003.
*297 Henry Bernard Zuber, Ocean Springs, attorney for appellant.
David A. Roberts, Pascagoula, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. This is an appeal from a judgment entered in a divorce proceeding in Jackson County Chancery Court dissolving the marriage between Keith Noel Gable and Joy Lynn Gable. The chancellor awarded Mrs. Gable custody of the couple's two children, child support in the amount of $824 per month and periodic alimony in the amount of $500 per month. Dissatisfied with this outcome, Mr. Gable perfected this appeal, asserting that the trial court erred in its determinations regarding child custody, child support and alimony.

I.

Facts
¶ 2. Joy Lynn Gable and Keith Noel Gable were married on April 11, 1987, and separated on August 13, 1999. Two children were born to the marriage. In January 2001, the parties entered into a written stipulation consenting to a divorce on the grounds of irreconcilable differences and allowing the trial court to decide issues relating to the custody and support of their two minor children and to make an equitable distribution of the couple's assets. Though agreeing to the divorce on the ground of irreconcilable differences, the parties agreed to reserve the right to introduce evidence relating to moral fitness that might affect the court's decision regarding child custody.
¶ 3. The case was tried to conclusion on the disputed issues after a brief delay when it appeared that a settlement had been reached with some input or encouragement from the chancellor. The chancellor awarded custody of both children to Mrs. Gable with certain defined visitation rights to Mr. Gable, set child support at $824 per month, and made certain rulings regarding the equitable division of marital *298 assets, the further details of which will be set out later in this opinion. The chancellor also ordered that Mrs. Gable receive $500 per month in periodic alimony.
¶ 4. Mr. Gable filed a motion seeking reconsideration of the court's ruling on these issues or, in the alternative, findings of fact and conclusions of law to support the various aspects of the chancellor's ruling. The chancellor denied relief on the motion to reconsider and incorporated his previous findings as contained in his bench rulings as being adequate to meet the requirements of Mississippi Rule of Civil Procedure 52, except that he expanded his previous findings and conclusions to include a statement that "the Court after considering the division of the equities of the marital estate and the obligations of raising children and household needs of the parties finds that the disparity [in] income between the parties is so great as to require permanent alimony to the plaintiff." Mr. Gable thereupon perfected his appeal to this Court.

II.

Custody Determination
¶ 5. Mr. Gable contends that the chancellor's findings of fact regarding the award of child custody were inadequate to support the decision reached by the chancellor. Mr. Gable points out the obligation the chancellor has to give due consideration to the various factors regarding a proper determination of custody that have come to be known as "the Albright factors." Albright v. Albright, 437 So.2d 1003 (Miss.1983). That case set out eleven factors that must be considered by the chancellor as follows: (1) the age, health and sex of the child; (2) continuity of care prior to separation; (3) the parenting skills of each parent; (4) the employment of each parent and the responsibilities of that employment; (5) the physical and mental health of the parents; (6) the emotional ties between parent and child; (7) the moral fitness of the parents; (8) the home, school, and community record of the child; (9) the preference of a child and the age sufficient to express a preference by law; (10) the stability of the home environment; and, (11) other factors relevant to the parent-child relationship. Id. at 1005.
¶ 6. In order to permit a meaningful review of a custody determination on appeal, the Mississippi Supreme Court has indicated that the chancellor must make a record of his conclusions as to each of the elements. Sobieske v. Preslar, 755 So.2d 410, 413 (¶ 12) (Miss.2000). This requirement appears to have been tempered to some extent by the later case of Hensarling v. Hensarling, which indicates that, as to those factors afforded no particular weight in the decision-making process, it is sufficient simply to so state rather than becoming involved in lengthy analysis as to why any particular factor was largely disregarded. Hensarling v. Hensarling, 824 So.2d 583(¶ 9) (Miss.2002).
¶ 7. In all events, we find the issue as raised by Mr. Gable to be without merit. The chancellor, in his bench ruling, undertook to make a rather lengthy analysis of the various Albright factors and how he felt the evidence pertaining to that factor influenced his decision on custody. Thus, any contention that the chancellor ignored the Albright factors is without merit.
¶ 8. In actuality, a reading of Mr. Gable's brief indicates that his real contention is that the chancellor abused his discretion in considering certain of the factors. Particularly, Mr. Gable feels that the chancellor abused his discretion in weighing the continuity of care factor against him.
¶ 9. The record indicates that the chancellor discussed and applied each Albright *299 factor before making his determination on custody. In considering the age, health and sex of the children, the chancellor noted that the younger son, Reed, had been in the continuous care of his mother and, due to his age, would be better off continuing in that situation. As for Sam, the older son, the chancellor concluded that his age and gender did not put him in a position to be predisposed to either parent. The court noted that the two boys enjoyed a close bond to each other that would be better served by keeping them together instead of apart.
¶ 10. Concerning the continuity of care, the court noted that while Sam had been in his father's custody for over a year, prior to the couple's separation, Mrs. Gable had been the primary caregiver. Furthermore, the court determined that, due to testimony provided by both parties, Mrs. Gable proved to have the better parenting skills. For the employment factor, the court admitted that, while Mr. Gable had a flexible work schedule, Mrs. Gable's nine-to-five job as a paralegal was equally suitable for raising two children.
¶ 11. The court found the moral, mental and physical health of each parent to be equal, as were the parent's ties with their two children. As for the preference of the children to live with one parent or the other, the chancellor correctly ruled this consideration currently inapplicable, as both children are below twelve years of age. See Miss.Code Ann. § 93-11-65 (Rev.1994). Finally, in considering the stability of the home environment, the chancellor found that Mrs. Gable offered a more stable home environment, due in part to Mr. Gable's "temper as evidenced by some past events that have been testified to."
¶ 12. For these reasons, the chancellor found it to be in the children's best interest to award custody of both boys to Mrs. Gable. Because the chancellor had the opportunity to personally evaluate the witnesses' testimony and the parties' behavior, this Court must be deferential to the chancellor's findings. Sobieske, 755 So.2d at (¶ 11). In the absence of any evidence that the chancellor abused his discretion, this Court will affirm the chancellor's findings in this matter. Caswell v. Caswell, 763 So.2d 890(¶ 5) (Miss.Ct.App. 2000). Therefore, we find this issue to be without merit.

III.

Child Support
¶ 13. In his brief, Mr. Gable states as one issue that the chancellor erred in his "awarding of child custody, child support and alimony...." However, while Mr. Gable's contentions concerning custody and alimony are specifically addressed, no argument is set forth concerning his obligation to pay child support other than what appears to be an assertion that the court deviated from the statutory guidelines and, therefore, should be required to make specific findings of fact to justify the award pursuant to section 49-19-103 of the Mississippi Code of 1972.
¶ 14. Contrary to Mr. Gable's assertion, the chancellor did, in fact, base the child support award on Mr. Gable's reported net monthly income of $4,124.27. Pursuant to section 49-19-101 of the Mississippi Code of 1972, child support for two children should be twenty percent of the obligor's adjusted gross income. Twenty percent of that amount is $824, which is the amount that the chancellor awarded. We therefore find this issue to be without merit.

IV.

Alimony
¶ 15. Lastly, Mr. Gable argues that the chancellor's decision to award *300 Mrs. Gable proceeds of $14,641.05 from the sale of the marital home, title to the couple's fifty-nine acres of land and $500 a month in permanent periodic alimony was manifest error. In support of his claim, Mr. Gable states that the only reason the chancellor gave for justifying the alimony award was the disparity in income between the two parties. Furthermore, Mr. Gable believes that Mrs. Gable's adulterous affairs should have been considered in determining the alimony award.
¶ 16. A chancellor's decisions concerning the distribution of marital assets and alimony will not be disturbed unless shown to be manifestly wrong, clearly erroneous or based on an incorrect legal standard. Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994). The factors to be considered by the chancellor when determining an award for alimony are as follows:
1. The income and expenses of the parties;
2. The health and earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). In examining these factors, the chancellor may consider them as an "overall combination" and need not individually list each one. Hoggatt v. Hoggatt, 766 So.2d 9(¶ 9) (Miss.Ct.App.2000).
¶ 17. In this case, the chancellor specifically went through each marital asset to determine an equitable division of the property. While Mrs. Gable was awarded the proceeds from the sale of the marital home and title to the couple's fifty-nine acres of land, Mr. Gable was awarded his business which was estimated to amount to $58,000. This division ended up being close to an even split of the couple's property as Mrs. Gable's title to the fifty-nine acres was subject to two outstanding loans. The amount of equity she held in the property plus the $14,641.05 from the home sale added up to a total estimated award of $54,800.
¶ 18. Mr. Gable's principal dissatisfaction with the chancellor's ruling in this regard is with the alimony award of $500 a month. However, despite Mr. Gable's arguments, it cannot be said that the chancellor failed to consider the Armstrong factors in reaching his decision. The record indicates that the above mentioned eleven factors were thoroughly considered.
¶ 19. The chancellor's main reason for granting the alimony award seemed to rest on the fact that Mrs. Gable, who would be caring for herself and her two children, brought in a monthly income of only $1,004 a month where Mr. Gable enjoyed a monthly income of $4,124 a month. Even after adding in the $824 for child support, Mrs. Gable would still be bringing in substantially less than her former husband. Based on the chancellor's observation that this disparity would affect the quality of life of both Mrs. Gable and her children, *301 when compared to the quality that Mr. Gable would enjoy, the chancellor found that an equitable solution would be to award $500 a month in alimony to Mrs. Gable.
¶ 20. This decision in no way indicates that the chancellor abused his discretion. Furthermore, as to Mr. Gable's allegations of fault, while fault is certainly a factor that may be considered in determining the appropriate solution in alimony proceedings, the chancellor is not required to specifically mention a certain factor, nor is he required to put special weight on one consideration over the other. Moore v. Moore, 803 So.2d 1214 (¶ 20) (Miss.Ct.App. 2001); Hoggatt, 766 So.2d at (¶ 9). We find this issue to be without merit and, accordingly, we affirm the decision of the chancery court.
¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.