979 So.2d 719 (2007)
Riley GHOSTON, Appellant
v.
Debbie A. Jones GHOSTON, Appellee.
No. 2006-CA-01848-COA.
Court of Appeals of Mississippi.
November 20, 2007.
Rehearing Denied April 15, 2008.
Alix H. Sanders, Greenwood, for Appellant.
*720 A.E. (Rusty) Harlow, Jr., Sabrina A. Davidson, Grenada, for Appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Riley Ghoston and Debbie A. Jones Ghoston divorced due to irreconcilable differences, following a fourteen-year marriage, to which one child was born. Matters of child custody and alimony were adjudicated at a hearing on the matter, and Mrs. Ghoston received an award for both in her favor. Mr. Ghoston now seeks reversal and remand of the portion of the award regarding the ordered alimony. He argues that the chancellor (1) failed to properly consider the Armstrong factors before awarding alimony and (2) erred in failing to require Mrs. Ghoston to file a financial disclosure under Rule 8.05 of the Mississippi Uniform Chancery Court Rules. Finding no error in the decision of the chancellor, we affirm.

STANDARD OF REVIEW
¶ 2. "Our scope of review in domestic relations matters is limited . . . [in that we] will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." Jundoosing v. Jundoosing, 826 So.2d 85, 88(¶ 10) (Miss. 2002). We are limited to reversing only when there is no substantial credible evidence in the record to justify the finding. Id.

DISCUSSION
I. WHETHER THE CHANCELLOR FAILED TO PROPERLY CONSIDER THE ARMSTRONG FACTORS BEFORE AWARDING ALIMONY TO MRS. GHOSTON
¶ 3. Mr. Ghoston argues that the chancellor did not consider all of the Armstrong factors in his ruling and, as such, failed to adequately weigh each factor. Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993). He seeks reversal of the alimony award, citing an abuse of discretion. "When the chancellor fails to address all factors on the record, we are not required to remand the case, and should not, so long as all facts are available to us so as to allow an equitable determination to be made." Roberson v. Roberson, 949 So.2d 866, 869(¶ 6) (Miss.Ct.App.2007) (citing Holcombe v. Holcombe, 813 So.2d 700, 704(¶ 12) (Miss.2002)). When a chancellor grants alimony, he is not required to specifically enumerate each Armstrong factor. Gable v. Gable, 846 So.2d 296, 301(¶ 20) (Miss.Ct.App.2003). The chancellor is not "required to put special weight on one consideration over the other." Id. Even if the chancellor forgoes "an on-the-record consideration of the Armstrong factors . . . in making his determination of the appropriateness of an alimony award [we will only reverse] if, after a review of all facts and application of the Armstrong factors, it appears that the chancellor's failure to make findings of fact and corresponding conclusions of law constitutes manifest error." Roberson, 949 So.2d at 869(¶ 6).
¶ 4. In the case sub judice, there is adequate information contained in the record for us to determine that an equitable determination was made. Within the court's divorce decree, which also adjudicated the issue of alimony, the chancellor specifically addressed the expenses of the parties, the length of the marriage, the debts of the parties, as well as the differences in incomes. Additionally, the decree incorporated the chancellor's bench opinion, which discussed in detail the parties' earning capacities, their standards of living, and their respective tax obligations. Thus, we find no merit in Mr. Ghoston's *721 argument asserting that the chancellor failed to adequately weigh each Armstrong factor. We affirm the chancellor's order of alimony, accordingly.
II. WHETHER THE CHANCELLOR ERRED IN FAILING TO REQUIRE MRS. GHOSTON TO PROVIDE A FINANCIAL DISCLOSURE STATEMENT PURSUANT TO MISSISSIPPI CHANCERY RULE 8.05
¶ 5. Mr. Ghoston argues that the chancellor erred in failing to require Mrs. Ghoston to provide a financial disclosure statement in compliance with UCCR 8.05 prior to trial. He argues that he was not given enough time to review the disclosure for its accuracy due to the delay in its production. However, Mrs. Ghoston points out that Mr. Ghoston also failed to provide a disclosure statement until the day of trial. Mr. Ghoston enters this Court with unclean hands due to his own failure to provide a financial disclosure until the day of trial, and, thus, we find the chancellor's failure to order Mrs. Ghoston's disclosure statement is of no consequence within the maxims of equity.
¶ 6. THE JUDGMENT OF THE CHANCERY COURT OF MONTGOMERY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND DISSENTS IN PART. IRVING, J., NOT PARTICIPATING.